IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN MILES FOSTER, | : |
| Plaintiff, | : |
| VS. | : NO. 5:22-CV-000129-TES-CHW |
| JOHN OR JANE DOE, *et al.*, | : |
| Defendants. | : |

## ORDER

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Jphn Miles Foster, an inmate currently incarcerated at the Washington State Prison in Davisboro, Georgia (ECF No. 1). Plaintiff has also filed a motion to proceed *in forma pauperis* (ECF No. 2) and a motion for appointed counsel (ECF No. 5). For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and he will be ordered to pay an initial partial filing fee as described below. Plaintiff's motion for appointed counsel is **DENIED**.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (ECF No. 5). As it appears that Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is **GRANTED.** Even if a prisoner is allowed to proceed *in forma pauperis*, however, he must still pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the

complaint. 28 U.S.C. § 1915(b)(1). A review of Plaintiff's account certification shows an average monthly balance of $224.02, a present spendable balance of $331.35, and regular deposits to his account. Mot. Proceed IFP 4-5, ECF No. 2. Twenty percent of $224.02 is $44.80. Plaintiff is therefore **ORDERED** to pay an initial partial filing fee of $44.80.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

    I.       Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit (or any part thereof) or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations on Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. Collection from Plaintiff of any balance due on these payments by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make such payments and fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

Plaintiff has **FOURTEEN (14) DAYS** from the date shown on this Order to pay a partial filing fee of $44.80. If circumstances have changed and Plaintiff cannot pay the initial partial filing fee as ordered, Plaintiff should file a renewed motion for leave to proceed *in forma pauperis*, accompanied by an updated prison trust fund account statement, explaining such change in circumstances within **FOURTEEN (14) DAYS** of the date of this Order.

While Plaintiff's custodian is ordered herein to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBILITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this order. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

**MOTION FOR APPOINTED COUNSEL**

Plaintiff has also filed a motion seeking appointed counsel (ECF No. 5). As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986).

Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointed counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.[2]

## CONCLUSION

To reiterate, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff shall have **FOURTEEN (14) DAYS** to pay an initial partial filing fee of $44.80 or

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

[2] Plaintiff states in his motion that "[t]his is a class action, as it affects anyone who worked and paid into the Social Security Fund enough to qualify for Retirement Benefits once full Retirement Age is reached." Mot. Appoint Counsel 1, ECF No. 5. The Court notes, however, that to the extent Plaintiff seeks to bring his claims as a class action on behalf of his fellow inmates, a *pro se* Plaintiff may not represent the interests of other prisoners. *See e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). This same principle prevents Plaintiff in this case from seeking relief on behalf of any other individual. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of prisoner's complaint that sought relief on behalf of prisoner's fellow inmates).

submit a renewed motion for leave to proceed *in forma pauperis* as described above. **Failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's Complaint.** In addition, Plaintiff's motion for counsel (ECF No. 5) is **DENIED.** Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address. There shall be no service of process until further order of the Court.

      **SO ORDERED**, this 2nd day of May, 2022.

                                    s/ Charles H. Weigle
                                    Charles H. Weigle
                                    United States Magistrate Judge